**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

**JEFFREY MEEK AND JENNIFER MEEK**,

    Plaintiffs,

v.

**USAA CASUALTY INSURANCE COMPANY**,

    Defendant.

**NOTICE OF REMOVAL**

Defendant USAA Casualty Insurance Company ("USAA CIC"), by its attorneys, respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, USAA CIC states as follows:

**INTRODUCTION**

1. On February 20, 2024, Plaintiffs Jeffrey Meek and Jenniffer Meek filed a Complaint against USAA CIC in the District Court for Douglas County, Colorado, commencing a state court action. (Exhibit A, Complaint).

2. The Complaint alleges damages arising out of a December 8, 2022 motor vehicle accident and a claim for underinsured motorist ("UIM") benefits under an automobile insurance policy issued by USAA CIC. (Exhibit A, pp. 2-8, ¶¶ 11-99).

3. Plaintiffs assert claims for Breach of Contract to Provide Insurance Coverage, Breach of Contract, Unreasonable Delay or Denial of Insurance Benefits under C.R.S. §10-3-

115(1)(a) and C.R.S. §10-3-1116(1), and Common Law Bad Faith Breach of Insurance Contract, and Moratory Interest on Money Wrongfully Withheld. (*Id*. at ¶¶ 100-141.) Plaintiffs seek as damages in this action contractual benefits alleged to be owed under the USAA CIC insurance policy. (*Id*. at ¶¶ 89-90.) Plaintiffs additionally seek statutory damages under C.R.S. § 10-3-1116 totaling two-times the covered benefits, reasonable attorney fees and costs, and additional damages for alleged bad faith. (Id., ¶ 128.)

4. Based on the allegations of the Complaint, Plaintiffs claim more than $100,000 in damages. (Id., ¶¶ 107-108, 128.) Further, Plaintiffs filed a District Court Civil Cover Sheet indicating they are seeking a monetary judgment in excess of $100,000. (Exhibit B, Civil Cover Sheet).

5. Plaintiffs served the Complaint on USAA CIC on February 22, 2024. (Exhibit C, Return of Service).

6. With the Complaint, Plaintiffs served the District Court Civil Cover Sheet and a Summons. (Exhibit D, Summons).

**GROUNDS FOR REMOVAL**

7. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. Under 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction as to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

2

9. Removal is accomplished by filing a notice of removal stating the grounds for removal, together with a copy of all papers and orders served on the defendant, which must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(a), (b)(1).

10. In this case, removal is proper because this is a civil action in which there is complete diversity of citizenship between the remaining parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. As such, this court has original jurisdiction pursuant to 28 U.S.C. § 1332. Further, Defendant has complied with the requirements of 28 U.S.C. § 1446.

### *Complete Diversity Between the Parties*

11. There is complete diversity between the parties in this action, as all parties to this action are citizens of different states.

12. Plaintiffs are citizens of the State of Colorado, as demonstrated by the following. Plaintiffs aver in their Complaint that they reside in Colorado. In this regard, they state that they reside at 8325 East Palmer Divide Avenue, Larkspur, Douglas County, Colorado. (*See* Exhibit A, p.1, ¶¶ 4, 12). Their Complaint also reflects a Colorado mailing address of 590 West Highway 105, Suite 284, Monument, Colorado 80132. (*See* Exhibit A, p. 13). Plaintiffs' averments that their residence and mailing address are in Colorado constitute *prima facie* evidence that they are citizens of the State of Colorado. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[T]he place of residence is *prima facie* [evidence of] the domicile."); *Kelleam v. Md. Cas. Co.*, 112 F.2d 940, 943 (10th Cir. 1940), *rev'd on other grounds*, 312 U.S. 377 (1941) ("Proof that

a person is a resident of a state is prima facie evidence that he is a citizen thereof.") In addition, Plaintiff Jennifer Meek is the current registered agent of two separate Colorado entities (Carry On Publishing, LLC formed in 2015 and Liberty Pines, LLC formed in 2020), both are in good standing, and both list her address as 590 Highway 105, Suite 284, Monument, Colorado 80132, the mailing address identified in the Complaint. (*See* Exhibit E, Secretary of State Records). Pursuant to Colo. Rev. Stat. §7-90-701, a registered agent must be an individual "whose primary residence or usual place of business is in this state", and as such, Plaintiff Jennifer Meek is required to reside in Colorado. The relevant State of Colorado Traffic Crash Report lists Jeffrey Meek's address as the Larkspur, Colorado address that is also provided by him as his address in the allegations of the Complaint. (*See* Exhibit F, Traffic Accident Report). Further, recent medical treatment records for both Plaintiffs from 2023 reveal treatment occurring in Monument, Colorado. (*See* Exhibit G, Redacted Medical Records).

      13.     USAA CIC is a citizen of the State of Texas. It is organized under the laws of the State of Texas with its principal place of business located in and conducted out of San Antonio, Texas. (*See* Exhibit H, USAA CIC Record). *See also* 28 U.S.C. § 1332(c)(1) (for purposes of diversity, corporation is deemed to be citizen of every state by which it has been incorporated and of the state where it has its principal place of business).

### *Amount in Controversy*

      14.     The amount in controversy exceeds $75,000. According to their Complaint, Plaintiffs both separately seek underinsured motorist benefits from USAA CIC of $100,000. (Exhibit A, p. 7, ¶¶ 89-90). In addition, Plaintiffs seek statutory damages of two times that amount,

alleging it was unreasonably delayed or denied, plus attorney fees and costs under C.R.S. § 10-3-1116. (Id., ¶ 128.)

15.     Further, Plaintiffs expressly indicate in their Civil Cover Sheet (Exhibit B) that they are seeking a monetary judgment in excess of $100,000. *See Paros Prop., LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264 (10th Cir. 2016) (civil cover sheet is "other paper" from which amount in controversy may be ascertained).

### ***Procedural Requirements***

16.     Defendant's Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b). Plaintiffs served their Complaint on USAA CIC on February 22, 2024. (Exhibit C, Return of Service). This Notice of Removal is filed within 30 days of that date.

17.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on Defendant in this action are attached, including the Complaint (Exhibit A); Civil Cover Sheet (Exhibit B); Return of Service (Exhibit C); Summons (Exhibit D); Court's Delay Reduction Order (Exhibit I); Unopposed Motion for Extension of Time to Respond to Complaint (Exhibit J); Proposed Order re: Unopposed Motion for Extension of Time to Respond to Complaint (Exhibit K); and Court's Order Granting Unopposed Motion for Extension of Time to Respond to Complaint (Exhibit L).

18.     Pursuant to 28 U.S.C. § 1446(d), the undersigned hereby certifies that this Notice of Removal has been filed with the Clerk of the Court for Douglas County District Court and served on Plaintiffs' counsel. (*See* Exhibit M, Notice of filing Notice of Removal).

19. Pursuant to D.C.COLO.LCIVR 81.1, a copy of the register of actions in the Douglas County assigned case number is attached as Exhibit N. There are no pending motions, petitions, or related responses, replies, or briefs in the state court action, and no hearings are scheduled.

20. On March 13, 2024, the state trial court extended the time for Defendant to file an Answer or other response to the Complaint to April 4, 2024. (Exhibit L).

21. By filing this Notice of Removal, USAA CIC does not waive any defense that may be available. Defendant has not yet filed an Answer or other response to Plaintiffs' Complaint in the state court action and will file the same with this Court.

WHEREAS, USAA CIC requests that the above action now pending against it in the District Court for Douglas County be removed to this Court.

Dated this March 21, 2024

Respectfully submitted,

*s/ Tory D. Riter*

Tory D. Riter, Esq.
Kelly L. Kafer, Esq.
Matthew R. Freda, Esq.
Morgan Rider Riter, PC
1512 Larimer Street, Suite 450
Denver, CO 80202
Phone: (303) 623-1832
Fax: (303) 623-1833
Email: triter@morganrider.com
        kkafer@morganrider.com
        mfreda@morganrider.com

ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was duly served this March 21, 2024, to each of the following:

| | | |
|---|---|---|
| S. Ryan Greenwood | ( ) | via U.S. Mail |
| Jason T. Landress | ( ) | via Hand Delivery |
| Brylak & Associates, LLC | (x) | via Electronic Mail |
| 2 N. Cascade Ave | ( ) | via Overnight Mail |
| Suite 1120 | ( ) | via CM/ECF System |
| Colorado Springs, CO 80903 | | |
| *Attorneys for Plaintiff* | | |

/s/ Felisha Hurtado